The STATE, ex rel. PITTSBURGH PLATE & GLASS INDUSTRIES, INC.,

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State, ex rel. Pitts. Plate & Glass Indus., Inc.
v. Indus. Comm.* (1991), 71 Ohio App.3d 430.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–934.

Decided March 21, 1991.

*Vorys, Sater, Seymour & Pease, Julianne Pistone* and *Julie M. Larson,* for relator.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Teresa Oglesby McIntyre,* for respondent Industrial Commission.

ARCHER E. REILLY, Judge.

This is an original action in mandamus brought by relator seeking an order from this court directing respondent, Industrial Commission of Ohio, to vacate an order awarding temporary total disability compensation for the period August 7, 1985 through April 21, 1987. Relator further seeks an order from this court directing the Industrial Commission to deny the requested compensation based upon evidence which the parties stipulated as the commission claim file.

Respondent, Tanya Casey ("claimant"), was injured in August 1985 while working for relator, Pittsburgh Plate & Glass Industries, Inc., for which injuries a claim was allowed for "mild back sprain with myofascitis." Subsequently, in September 1986, claimant sought temporary total disability compensation commencing August 6, 1985, based upon the report of her treating physician. Claimant's motion was heard in December 1987 by a commission district hearing officer who awarded compensation for the period August 7, 1985 through April 21, 1987, basing his findings on the reports of two physicians. Upon appeal by relator to the regional board of review, the order of the district hearing officer was affirmed in August 1988.

Relator appealed the order to the Industrial Commission. In support of this appeal, relator asserted that claimant was not entitled to temporary total benefits for any period subsequent to the fall of 1985, since claimant was hired as temporary summer help only. Two staff hearing officers of the commission heard relator's appeal in December 1988 and issued an order affirming the decision of the regional board of review. Relator's request for reconsideration was granted in March 1990, at which time the commission vacated the December 21, 1988 order of its staff hearing officers and directed its legal section to prepare a statement of facts regarding claimant's entitlement to temporary total disability benefits in light of her status as a temporary summer employee.

The legal section prepared the requested statement of facts and found " * * * no law that denies a 'temporary employee' rights under the Workers' Compensation Act. * * * " Subsequently, in May 1990, the commission mailed its final order which affirmed the December 21, 1988 order prepared by its staff hearing officers.

Relator commenced this suit in mandamus on August 9, 1990, contending that the commission abused its discretion by ordering the payment of temporary total disability benefits. The matter was referred to a referee of this court pursuant to Civ.R. 53(C) and Section 13, Loc.R. 11 of the Tenth District Court of Appeals, and then it was submitted to the referee upon a stipulated record consisting of relevant portions of the commission claim file. The referee rendered a report on January 8, 1991, making certain findings of fact and conclusions of law, to which no party has filed objections.

The referee has recommended that this court issue a writ of mandamus directing the Industrial Commission to vacate its award of temporary total disability compensation and to conduct further proceedings to determine whether claimant intended to terminate her employment with relator for reasons unrelated to her injury, and to enter a new order granting or denying the requested benefits, specifying the evidence relied upon and the reasoning therefor.

■ Upon review of the referee's report and recommendation, this court concurs in the findings made by the referee and the reasoning offered in support of the recommendation. More particularly, the referee correctly concluded that it is the intention of the claimant which determines whether termination of employment is unrelated to the allowed condition so as to preclude the receipt of temporary total disability benefits. As the Ohio Supreme Court has stated:

" 'A disability determination does not hinge on the resolution of whether a claimant resigned or was involuntarily removed from her position. Instead, the determination rests on whether the fact that relator left her employment was causally connected to her injury. * * * Accordingly, where * * * the Industrial Commission determines that a claimant has not left a former position of employment due to a work-related injury, it may properly deny an award of temporary total disability.' * * * " *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 46, 531 N.E.2d 678, 680, quoting *State ex rel. Dalton v. Indus. Comm.* (Apr. 7, 1987), Franklin App. No. 85AP–1025, unreported, 1987 WL 9628.

■ Therefore, the mere fact that an employee is hired for a specific term of employment does not, standing alone, preclude the receipt of temporary total disability benefits for any period beyond the length of that term. This view is consistent with this court's prior decisions which hold that an employer may not rely upon a layoff of its employees as a basis for precluding the receipt of temporary total disability compensation subsequent to the layoff. Cf. *State ex rel. B.O.C. Group, General Motors Corp. v. Indus. Comm.* (Sept. 21, 1989), Franklin App. No. 88AP–983, unreported, 1989 WL 109259,

and *Schorpp v. L.K. Comstock, Inc.* (Mar. 14, 1989), Franklin App. No. 88AP–200, unreported, 1989 WL 23742. However, an employee's agreement to employment for a specific term, after which term employment with the employer will cease, may be evidence of that employee's intent to voluntarily terminate employment for noninjury reasons so as to preclude the receipt of temporary total disability benefits. Cf. *State ex rel. Allen v. Southern Instruments* (Oct. 3, 1989), Franklin App. No. 89AP–69, unreported, 1989 WL 114340.

■ In this case, as the referee found, the only "evidence" in the stipulated record are the assertions of relator's counsel in various memoranda submitted to the commission. Such memoranda do not constitute evidence upon which the commission can rely.

■ Despite the absence of evidence in the stipulated record, the issue was properly raised by relator before the commission. However, there is no indication that the commission addressed this issue other than by the statement of facts prepared by its legal section. This statement of facts was not adopted by the Industrial Commission or otherwise referred to in its final order upholding its prior December 1988 order. Thus, the commission abused its discretion in failing to address this issue.

■ The referee also found that the medical evidence relied upon by the commission in support of the allowance of temporary total disability benefits for the period August 1985 through April 1987 was deficient. Both medical reports specified in the December 1987 order of the district hearing officer failed to address claimant's ability to return to her former position of employment for the period August 1985 through April 1987. However, because the claim file does contain several documents prepared by claimant's examining physician which arguably constitute evidence to support the period of temporary total disability, the referee has correctly recommended that the commission also be ordered to specify evidence which supports any period of allowed disability.

For the above reasons, the report and recommendation of the referee are adopted as the opinion of this court. A writ of mandamus will issue, limited in nature, directing the Industrial Commission to vacate its order awarding temporary total disability compensation. The Industrial Commission is further directed to conduct proceedings regarding claimant's intention to terminate her employment for reasons unrelated to her industrial injury and to enter a new order, either granting or denying temporary total disability compensation, along with an explanation of its order and the evidence relied

upon. See *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, syllabus.

*Writ granted.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.