THE STATE EX REL. COBB, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Cobb v. Indus. Comm.* (2000), 88 Ohio St.3d 54.]

(No. 98–1897—Submitted January 26, 2000—Decided February 23, 2000.)

Law Office of Thomas Tootle and Thomas Tootle, for appellant.

Betty D. Montgomery, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee.

*Per Curiam.* Voluntary abandonment of the former position of employment can preclude temporary total disability compensation. State ex rel. Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. "Firing can constitute a voluntary abandonment of the former position of employment. Although not generally consented to, discharge, like incarceration, is often a consequence of behavior that the claimant willingly undertook, and may thus take on a voluntary character." State ex rel. Watts v. Schottenstein Stores Corp. (1993), 68 Ohio St.3d 118, 121, 623 N.E.2d 1202, 1204.

We elaborated on Watts in State ex rel. Louisiana–Pacific Corp. v. Indus. Comm. (1995), 72 Ohio St.3d 401, 403, 650 N.E.2d 469, 471–472, where we characterized as "voluntary" a firing "generated by the claimant's violation of a written work rule or policy that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee."

In this case, OWT's drug-use policy clearly defined the prohibited conduct. It also identified violation of that conduct as a potentially dischargeable offense of which claimant was admittedly aware. Claimant attempts to distinguish his situation from that in Louisiana–Pacific by asserting that here termination was

optional rather than mandatory. This is a distinction without consequence. Claimant's inability to predict with certainty which sanction would be imposed is immaterial so long as he knew that termination was an option. Equally important, the employer's choice of sanctions does not eliminate the element of voluntariness that claimant exercised when he chose to use illegal drugs.

Claimant last argues that to uphold the commission is to encourage employers to fire employees as a means of avoiding the employers' compensation obligations. *Louisiana–Pacific,* however, responds to this concern by setting forth criteria that guard against firings without cause for the purpose of evading compensation responsibilities. Claimant's firing in this case was not without cause and could have been avoided by a decision to refrain from drug use.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.