[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 481.]

THE STATE EX REL. CRIM, APPELLEE, *v*. OHIO BUREAU OF WORKERS'
COMPENSATION ET AL., APPELLANTS.

[Cite as *State ex rel. Crim v. Ohio Bur. of Workers' Comp.*, 2001-Ohio-1268.]

*Workers' compensation—Teacher employed for nine months during academic calendar year elects to receive earnings over a prorated twelve-month period—Teacher not precluded during summer break from receiving temporary total disability compensation for a work-related injury on the sole basis that prorated earnings were received over the summer break.*

(No. 00-290—Submitted June 20, 2001—Decided August 15, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1412.

————————————

SYLLABUS OF THE COURT

A teacher who is employed for nine months during the academic calendar year, but elects to receive earnings over a prorated twelve-month period, is not, during a summer break, precluded from receiving temporary total disability compensation for a work-related injury on the sole basis that prorated earnings were received over the summer break.

————————————

DOUGLAS, J.

{¶ 1} Tuscarawas County Board of Mental Retardation and Developmental Disabilities ("MRDD") employed appellee, Susan Y. Crim, as a swimming teacher during the 1996-1997 school year. Pursuant to the terms of her employment contract with MRDD, appellee worked from August 1996 through June 5, 1997. Appellee was not required to report to work during summer break. Rather than being paid over a nine-month period that corresponded to the school year, appellee elected to be paid over a prorated, twelve-month period. Thus, appellee received

compensation from MRDD during the summer months for work actually preformed during the academic calendar year.

{¶ 2} On May 29, 1997, appellee was injured in the course of her employment with MRDD and a workers' compensation claim was allowed. Appellee was paid temporary total disability compensation for the period of time covering the summer break, from June 7 to August 27, 1997. Appellee had intended to work during the summer at the Tuscarawas County YMCA, as she had worked there the previous summer. Appellee, however, was unable to perform her summer job during her period of disability.

{¶ 3} The Industrial Commission later vacated the award of temporary total disability benefits that had been awarded to appellee for the period of June 7 through August 27, 1997. The commission determined that appellee was not entitled to temporary total disability compensation because she could not establish a loss of earnings, since she received prorated earnings during the summer months. The commission, therefore, found that appellee had been overpaid disability compensation and ordered the overpayment to be recovered. Appellee filed a complaint in mandamus in the Tenth District Court of Appeals claiming that the commission had abused its discretion when it vacated her award of temporary total disability compensation.

{¶ 4} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate. The magistrate found that the commission had abused its discretion and recommended that the court grant the writ of mandamus ordering the commission to vacate its overpayment recovery order. Both the commission and MRDD (hereinafter "appellants") filed objections to the magistrate's findings of fact and conclusions of law.

{¶ 5} The court of appeals overruled appellants' objections and adopted the magistrate's findings of fact and conclusions of law. The court of appeals ordered

the commission to vacate its overpayment recovery order and to issue a new order consistent with the court's decision.

{¶ 6} Appellants appeal to this court as of right.

{¶ 7} There are two issues presented in this case. The first issue is whether a teacher who contracts to teach during a school year is considered to have voluntarily abandoned her or his employment at the end of an academic calendar year for the purposes of temporary total disability compensation. The second issue is whether a teacher, who is employed for nine months of the year and elects to receive prorated compensation over twelve months, is entitled to temporary total disability compensation for summer employment that she or he is unable to perform because of the allowed conditions of a claim.

{¶ 8} We find that a teacher does not voluntarily abandon her or his position at the end of a school year and that, although receiving prorated earnings, she or he is entitled to temporary total disability compensation as a result of the allowed conditions of her or his workers' compensation claim.

{¶ 9} R.C. 4123.56 provides compensation for workers who suffer injuries that result in temporary total disability. "[T]emporary total disability is defined as a disability which prevents a worker from returning to [her or] his former position of employment." *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, syllabus. Where an employee's own actions, for reasons unrelated to the injury, preclude her or him from returning to her or his former position of employment, she or he is not entitled to temporary total disability benefits, since it is the employee's own action rather than the injury that precludes return to the former position. *State ex rel. Jones & Laughlin Steel Corp. v. Indus. Comm.* (1985), 29 Ohio App.3d 145, 147, 29 OBR 162, 164, 504 N.E.2d 451, 454. See, also, *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355. When determining whether an injury qualifies for temporary total disability compensation, the court utilizes a two-part test. "The first part of this test

focuses on the disabling aspects of the injury, whereas the latter part determines if there are any factors, other than the injury, which would prevent the claimant from returning to [her or] his former position." *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533, 535. However, *only a voluntary* abandonment will preclude the payment of temporary total disability. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 46, 531 N.E.2d 678, 680.

{¶ 10} Appellee satisfies the first part of the *Ashcraft* test, since there is no dispute as to the disabling aspects of her injury. However, appellants contend that appellee voluntarily terminated (abandoned) her employment at the end of the school year by virtue of the terms of her employment contract, thus failing the second part of the *Ashcraft* test. Accordingly, the issue is narrowed to whether appellee's employment contract, which terminated her employment at the end of the school year, was a voluntary act by appellee that prevented her from returning to MRDD.

{¶ 11} "[T]he mere fact that [a claimant was] hired for a specific term of employment does not, standing alone, preclude the receipt of temporary total disability benefits for any period beyond the length of that term." *State ex rel. Pittsburgh Plate & Glass Industries, Inc. v. Indus. Comm.* (1991), 71 Ohio App.3d 430, 433, 594 N.E.2d 80, 82. It is the claimant's intent that determines whether the termination of employment is unrelated to the allowed condition so as to preclude return to former employment. *Id.* at 434, 594 N.E.2d at 82. We recognize that an employee/employer agreement for a specific term may be evidence of that employee's intent to voluntarily terminate employment. *Id.* However, the facts of this case and the intention of appellee do not support such a conclusion.

{¶ 12} The facts in the cases in which we have found a voluntarily abandonment differ significantly from the facts in the case at bar. See, *e.g.*, *State ex rel. McGraw v. Indus. Comm.* (1990), 56 Ohio St.3d 137, 564 N.E.2d 695

(claimant quit his job); *State ex rel. Smith v. Indus. Comm.* (1990), 50 Ohio St.3d 45, 553 N.E.2d 247 (claimant chose to voluntarily retire); *State ex rel. Cobb v. Indus. Comm.* (2000), 88 Ohio St.3d 54, 723 N.E.2d 573 (claimant was fired due to a violation of a known workplace policy). There is no evidence that appellee intended to permanently leave her position of employment as a teacher with MRDD. Rather, the evidence before the court shows that appellee sought to work only for the duration of her summer vacation, as she had done the previous year, and then return to her teaching position in the fall. As such, we find that appellee did not abandon her position with MRDD at the end of the 1996-1997 academic year.

{¶ 13} In addition, it is axiomatic that a teacher who is required to leave her teaching position at the end of a school year does not do so voluntarily. If we were to conclude that teachers "voluntarily abandon" their positions of employment at the conclusion of each school year, we would disqualify an entire class of claimants simply because of the unique terms of their employment. We decline to reach such an unreasonable conclusion. Based upon the foregoing, we find that there are no factors present that, independent of the injury, prevented appellee from returning to her former position with MRDD. Accordingly, appellee satisfies the second part of the *Ashcraft* test. We hold that appellee is entitled to receive temporary total disability compensation over the summer break as the result of the allowed conditions of her claim.

{¶ 14} Appellants also argue that appellee cannot prove a loss of earnings because she was receiving prorated income from MRDD during the summer months and also because she did not actually obtain a summer position with the YMCA. The fact that appellee elected to be paid over a prorated, twelve-month period, as opposed to a nine-month period, is of no import. We would agree with the court of appeals in *State ex rel. Smith v. Indus. Comm.* (Mar. 17, 1998), Franklin App. No. 97APD04-457, unreported, 1998 WL ___, which found that the receipt

of a prorated wage is not the equivalent of earning a wage or receiving salary compensation during the summer break. Appellee did not *earn* any wages during the summer of her disability but received only prorated, previously earned wages. Thus, appellants' argument is unsupported by the facts of the case.

{¶ 15} Finally, the fact that appellee did not actually obtain a position from the YMCA for the summer recess does not affect our determination. The issue of a teacher's eligibility for temporary disability benefits over a summer recess was recently addressed by the New Jersey Supreme Court in *Outland v. Monmouth-Ocean Edn. Serv. Comm.* (1998), 154 N.J. 531, 713 A.2d 460. In *Outland*, a teacher injured in the course and scope of employment was unable to pursue summer employment due to the injury. *Id.* at 535-536, 713 A.2d at 462. The intermediate appellate court in that case found that the teacher was not entitled to temporary disability benefits because it found no evidence that the teacher suffered any wage loss and also because she, during the summer recess, was not absent from her position as a teacher.

{¶ 16} The New Jersey Supreme Court, in reversing the intermediate appellate court, recognized the reality that most teachers supplement their teaching income during the summer with seasonal employment. *Id*. at 541, 713 A.2d at 465. In order to resolve the case the court looked to the intent of the claimant. *Id.* at 542, 713 A.2d at 466. The *Outland* court held that an injured teacher is entitled to temporary disability benefits during the summer if she can prove that she is unable to perform the type of work she otherwise would have been engaged in. *Id*. at 538-539, 713 A.2d at 464. The court reasoned that the claimant would not be entitled to temporary disability benefits if she had no intent to work during the summer, since the receipt of benefits where there is no intent to work would create a windfall. *Id.* at 542, 713 A.2d at 466. But the payment of temporary disability benefits would not create a windfall if the claimant planned to work during the summer recess and an injury prevented that occurrence. *Id.* "On the contrary, to deny payments based

on lost summer employment would frustrate the purpose of the workers' compensation system." *Id.* We find the rationale of *Outland* persuasive.

{¶ 17} The facts of this case support a finding that appellee had worked at the YMCA the previous summer and that she intended to resume summer employment with the YMCA for the summer of 1997. Appellants agree that appellee was unable to perform the duties of her summer job at the YMCA. Despite appellants' apparent assertions to the contrary, we cannot conceive of a situation where an employer will consider an applicant for employment who is effectively precluded from performing the required duties of the position. Appellee was obviously prevented from engaging, as she had done the previous summer, in summer employment at the YMCA. To require her to seek employment for a position she was unable to perform would have been an exercise in futility. Based upon appellee's intent and previous history of summer employment, we conclude that appellee did suffer a loss of earnings.

{¶ 18} For the foregoing reasons, we hold that a teacher is entitled to temporary total disability compensation as a result of the allowed conditions of a claim if the teacher proves an intent to obtain employment during the summer and an intent to resume the teaching position after the summer recess. We further hold that a teacher who is employed for nine months during the academic calendar year, but elects to receive earnings over a prorated twelve-month period, is not, during a summer break, precluded from receiving temporary total disability compensation for a work-related injury on the sole basis that prorated earnings were received over the summer break.

{¶ 19} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 20} I would reverse the court of appeals' judgment. The commission did not abuse its discretion when it vacated the award of temporary total disability compensation ("TTD") that Crim received for the summer period during which she also received her regular paycheck from the Tuscarawas County Board of Mental Retardation and Developmental Disabilities ("MRDD").

{¶ 21} The purpose of TTD is to compensate a claimant for a *"loss of earnings."* (Emphasis added.) *State ex rel. Ashcraft v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533, 535. Crim suffered no loss of earnings for the period between June 7, 1997 and August 27, 1997, because she received her regular (prorated) salary from MRDD during this period. See *State ex rel. McFarland v. Indus. Comm.* (Dec. 2, 1997), Franklin App. No. 96APD10-1365, unreported, 1997 WL _____. Moreover, this court has previously defined those disabilities giving rise to TTD as disabilities that prevent claimants "from returning to [their] *former position of employment*." (Emphasis added.) *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, syllabus. Crim's injury did not prevent her from working at MRDD—her contract with MRDD specified that she would not work there during the summer.

{¶ 22} Today's majority expands *Ramirez*'s definition of disabilities giving rise to TTD to include those disabilities that allegedly prevent a claimant from securing *intended* supplemental employment in a position completely unrelated to his or her former position of employment. As the commission and MRDD note in their briefs, such a definition may have been more appropriate had Crim applied for wage-loss compensation under R.C. 4123.56(B). She did not. She applied for TTD under R.C. 4123.56(A), and it appears as though the court of appeals "chose to

grant a writ for TTD because it felt the facts supported a case for [wage loss]."[1] (Brief of MRDD.)

{¶ 23} Even if I were to agree with the majority's holding that claimants may recover TTD when they prove "an intent" to obtain supplemental employment unrelated to their former position, I would still deny the writ in this case for a lack of such proof. The majority summarily concludes that Crim "was obviously prevented from engaging, as she had done the previous summer, in summer employment at the YMCA." But on this record, the majority's conclusion is hardly an obvious one. The only evidence regarding Crim's (alleged) inability to pursue her intended supplemental summer employment at the YMCA is her own testimony at a commission hearing that she "intended to return to her position at the YMCA during the summer." The record is devoid of any evidence that such a position was actually available, or that Crim had taken affirmative steps to secure one (*i.e.,* a written offer of employment from the YMCA, testimony from a YMCA staff member, or a past employment record from the YMCA). Nor is there evidence tending to show that Crim's injury "obviously prevented" her from working at the YMCA in *some* capacity. Accordingly, the commission did not abuse its discretion in vacating the TTD award even under the majority's unduly broad standard, and I would deny the writ.

_____

*O'Meara Law Office* and *Steven A. Struhar*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellant Industrial Commission of Ohio.

*John K. Alberty*, for appellant Tuscarawas County Board of Mental Retardation and Developmental Disabilities.

_____

1. The court of appeals in this case conceded that "a question of relator's entitlement to wage loss compensation might be more appropriate due to the factual background in this case." *State ex rel. Crim v. Ohio Bur. of Workers' Comp.* (Dec. 28, 1999), Franklin App. No. 98AP-1412, unreported at 5, 1999 WL _____.

_____