DECISION
{¶ 1} Relator, Margarita Glenn, a teacher for respondent Columbus Board of Education, commenced this original action requesting a writ of mandamus that orders *Page 2 
respondent Industrial Commission of Ohio to vacate its order denying her temporary total disability compensation during the 2005 and 2006 summer recesses, and to enter amended orders awarding temporary total disability compensation during those recesses.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law (attached as Appendix A). In his decision, the magistrate determined the commission properly applied State ex rel. Crim v. Ohio Bur. of Workers'Comp. (2001), 92 Ohio St.3d 481 in denying relator's request for temporary total disability compensation during the 2005 and 2006 summer recesses. Accordingly, the magistrate determined the requested writ of mandamus should be denied.
 {¶ 3} Relator filed objections to the magistrate's decision:
 1. THE INSERTION OF THE NECESSITY FOR AN INJURED TEACHER TO PROVE AN "INTENT" TO WORK DURING A SUMMER RECESS IS A MISAPPLICATION OF THE SOUND PRINCIPLES OF STATE EX REL. CRIM V. OHIO BUREAU OF WORKERS COMPENSATION (2001), 92 OHIO ST.3D 481, 2001-OHIO-1268, AND THE UNDERLYING IDEALS OF R.C. 4123.56 TO COMPENSATE INJURED WORKERS' WHOSE PROXIMATE CAUSE OF INABILITY TO WORK IS THE WORKPLACE INJURY.
 2. FAILURE TO CONSIDER A LEGITIMATE ARGUMENT BECAUSE THERE IS NO EXPRESS INDICATION IN ADMINISTRATIVE ORDERS THAT THE ISSUE WAS RAISED IN THE ADMINISTRATIVE PROCEEDINGS, PLACES ALL LITIGANTS IN THE SAME UNTENABLE POSITION REJECTED BY THE SUPREME COURT.
 {¶ 4} Relator's first objection contends the commission and the magistrate improperly required relator to prove an intent to work during the summer recess as a *Page 3 
predicate to receiving temporary total disability compensation. Relator contends Crim incorporated no such requirement.
 {¶ 5} Crim involved an award of temporary total disability benefits that the commission later vacated because the claimant, a swimming teacher, "could not establish a loss of earnings, since she received prorated earnings during the summer months." Crim, at 482. In addressing the matter, the Supreme Court of Ohio noted two issues, one of which is implicated in relator's first objection: "whether a teacher who contracts to teach during a school year is considered to have voluntarily abandoned her or his employment at the end of an academic calendar year for the purposes of temporary total disability compensation." Id.
 {¶ 6} The Supreme Court of Ohio initially concluded that "a teacher does not voluntarily abandon her or his position at the end of a school year." Rather, "[i]t is the claimant's intent that determines whether the termination of employment is unrelated to the allowed condition so as to preclude return to former employment." Id. Accordingly, the court determined "a teacher is entitled to temporary total disability compensation as a result of the allowed conditions of a claim if the teacher proves an intent to obtain employment during the summer and an intent to resume the teaching position after the summer recess." Id. at 485.
 {¶ 7} Relator's objection asks us to ignore the specifc language ofCrim requiring that a teacher prove an intent to obtain employment during the summer and an intent to resume the teaching position after the summer recess. In view of the language of Crim, we decline relator's invitation. Relator's first objection is overruled. *Page 4 
 {¶ 8} Relator's second objection contends the magistrate improperly refused to consider relator's "argument that summer breaks are akin to a layoff[.]" (Objections, 3.) Relying on State ex rel. Barnes v. Indus.Comm., 114 Ohio St.3d 444, 2007-Ohio-4557, relator asserts the magistrate was required to address the issue.
 {¶ 9} Barnes does not control under the circumstances of this case. InBarnes, the Supreme Court of Ohio noted that the commission's "failure to list a particular piece of evidence cannot be interpreted as proof that the evidence was not submitted. This logic applies equally to the larger question of issues raised." Id. at ¶ 20. The magistrate here did not decline to consider the issue because it was not referenced in the commission's order. Rather, the magistrate found nothing in the record to suggest relator raised the issue before the commission. Our review of the stipulated evidence leads us to the same conclusion. Indeed, even relator's motion for reconsideration filed after the staff hearing officer's order, failed to mention the issue of layoff. Had the issue been raised before the commission, the stipulated record at some point should reference it. In the absence of any indication that the issue was raised before the commission, the magistrate properly concluded it should not be raised for the first time in a mandamus action. To hold otherwise would undermine the commission's authority and discretion. Relator's second objection is overruled.
 {¶ 10} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact *Page 5 
and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
 SADLER, P.J., and KLATT, J., concur. *Page 6 APPENDIX A MAGISTRATE'S DECISION Rendered on September 21, 2007 IN MANDAMUS {¶ 11} Relator, Margarita Glenn, was employed as a teacher for respondent Columbus Board of Education ("Columbus Public Schools" or "employer"). In this original *Page 7 
action, relator requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate portions of its orders denying her temporary total disability ("TTD") compensation during the 2005 and 2006 summer recesses, and to enter amended orders awarding TTD compensation during those summer recesses.
Findings of Fact: {¶ 12} 1. On October 8, 2004, relator sustained an industrial injury while employed as a teacher for the Columbus Public Schools. The industrial claim is allowed for "sprain right hip and thigh; contusion right thigh; contusion of right hip; adjustment reaction with mixed emotional features," and is assigned claim number 04-865133.
 {¶ 13} 2. On August 25, 2005, treating psychologist Pamela Chapman, Ph.D., completed a C-84 on which she certified TTD from October 14, 2004 to an estimated return-to-work date of October 14, 2005. Dr. Chapman reported on the C-84 that May 27, 2005 was the date of last examination or treatment.
 {¶ 14} 3. On September 26, 2005, relator moved for TTD compensation beginning June 29, 2005.
 {¶ 15} 4. On October 19, 2005, citing Dr. Chapman's C-84, the Ohio Bureau of Workers' Compensation ("bureau") issued an order awarding TTD compensation from October 14, 2004 to January 2, 2005. The order found that relator returned to work on January 3, 2005. The order further awarded TTD compensation beginning June 30, 2005.
 {¶ 16} 5. The employer administratively appealed the bureau's order of October 19, 2005. The employer's administrative appeal was heard by a district hearing *Page 8 
officer ("DHO") on December 9, 2005. At the hearing, the employer submitted a letter dated December 5, 2005 from Kenneth R. Stark, an official of the Columbus Public Schools. The letter states:
 We have checked our records back through 2002 and find no indication that Ms. Glenn worked during the normal summer breaks. Therefore, we do not believe that she is entitled to temporary total disability payments for the period encompassing summer break 2005.
 {¶ 17} 6. Following the December 9, 2005 hearing, the DHO issued an order stating that the bureau's order was being modified. The DHO's order states:
 The District Hearing Officer modifies the BWC order to reflect that Temporary Total Disability Compensation is not properly payable from 06/30/2005 through 08/28/2005. The claimant is a school teacher and customarily did not work during the summer months. Pursuant to applicable case law, she is not entitled to Temporary Total Disability Compensation during her summer break, during which she would not have been working and earning anyway.
 Temporary Total Disability Compensation from 08/29/2005 (the first day of school) through 12/09/2005 is ordered to be paid and shall continue upon submission of appropriate proof. The District Hearing Officer finds that the claimant has been temporarily and totally disabled over this period as it relates to the allowed psychological condition. This is based on the reports of the treating psychologist, Dr. Chapman.
 The remainder of the BWC's 10/19/2005 order is affirmed.
 {¶ 18} 7. Relator administratively appealed the DHO's order of December 9, 2005.
 {¶ 19} 8. Following a January 24, 2006 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order of December 9, 2005. The SHO's order explains: *Page 9 
 It is the order of the Staff Hearing Officer that temporary total compensation is granted from 08/29/2005 (the first day of school) through 12/09/2005, and to continue upon submission of medical evidence that supports the payment of temporary total compensation. This decision is based on the C-84 forms signed by Dr. Chapman on 08/25/2005 and 10/10/2005. It is the further order of the Staff Hearing Officer that temporary total compensation is denied from 06/30/2005 through 08/28/2005, closed period. The Staff Hearing Officer finds the injured worker is a school teacher who customarily did not work during the summer months. This finding is supported by Kenneth Stark's letter of 12/05/2005. Payroll records in file document the injured worker received her teacher earnings over a pro-rated twelve month period, not over the nine month school period.
 The Court, in State ex rel. Crim v. Ohio Bureau of Workers' Compensation (2001), 92 Ohio St.3d 481, holds "that a teacher is entitled to temporary total disability compensation as a result of the allowed conditions of a claim if the teacher proves an intent to obtain employment during the summer and an intent to resume the teaching position after summer recess." The Staff Hearing Officer finds no evidence that proves an intent to obtain employment during the summer months. The injured worker submitted no evidence that documents she worked over the summer preceding her injury, nor any other evidence that would establish intent. Therefore, temporary total is denied as described.
 The Staff Hearing Officer further finds that the Court in Crim held that temporary total compensation cannot be denied on the sole basis that the injured worker received her earnings over a prorated twelve-month period. Although this injured worker received her earnings on a prorated twelve-month period, the Staff Hearing Officer does not find this to be a basis to deny the request for temporary total over the summer break. The injured worker is denied temporary total from 06/30/2005 through 08/28/2005 for the sole reason that there is no evidence of her intent to obtain employment during the summer. *Page 10 
 {¶ 20} 9. On February 23, 2006, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of January 24, 2006.
 {¶ 21} 10. On May 22, 2006, Dr. Chapman completed another C-84 certifying TTD from April 14, 2006 to an estimated return-to-work date of October 14, 2006. Dr. Chapman listed May 22, 2006 as the date of last examination or treatment. Apparently, the C-84 was filed on May 26, 2006.
 {¶ 22} 11. Following a June 26, 2006 hearing, a DHO issued an order stating:
 It is the order of the District Hearing Officer that the C-84 Request For Temporary Total Compensation filed by Injured Worker on 05/26/2006 is denied.
 In accordance with the 01/24/2006 Staff Hearing Officer decision and the cited court case Crim therein, the District Hearing Officer finds that Ms. Glenn is once again not entitled to temporary total disability compensation during the school summer months. As indicated in the Staff Hearing Officer order, Ms. Glenn has not shown any intent to work during summer months of the school year. The Bureau of Workers' Compensation has indicated that the present school year ended on 06/09/2006. Accordingly, temporary total disability compensation is terminated on 06/09/2006 and may resume again on the first day of the school year, provided the evidence continues to support temporary total disability compensation at that time.
 {¶ 23} 12. Relator administratively appealed the DHO's order of June 26, 2006.
 {¶ 24} 13. Following an August 4, 2006 hearing, an SHO issued an order stating:
 The order of the District Hearing Officer, from the hearing dated 06/26/2006, is affirmed.
 Therefore, payment of temporary total compensation re-mains correctly denied beginning on the 06/09/2006 date of the start of summer break. Payment of temporary total compensation may be considered upon submission of proof when the school year resumes. *Page 11 
 All evidence was considered. The injured worker has not submitted proof of any intent to work during this summer break. Therefore, the requirements of the CRIM case have not been met by the injured worker. This reasoning has been previously applied in the prior final Staff Hearing Officer order dated 01/24/2006, which denied payment of temporary total compensation during last year's summer break.
 {¶ 25} 14. On August 29, 2006, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of August 4, 2006.
 {¶ 26} 15. On January 31, 2007, relator, Margarita Glenn, filed this mandamus action.
Conclusions of Law: {¶ 27} The issue is whether the commission misapplied State ex rel.Crim v. Ohio Bur. of Workers' Comp. (2001), 92 Ohio St.3d 481, to deny relator TTD compensation during the 2005 and 2006 summer recesses.
 {¶ 28} Finding that the commission did not misapply Crim, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 29} The syllabus of Crim states:
 A teacher who is employed for nine months during the academic calendar year, but elects to receive earnings over a prorated twelve-month period, is not, during a summer break, precluded from receiving temporary total disability compensation for a work-related injury on the sole basis that prorated earnings were received over the summer break.
 In the Crim court's opinion, the facts are set forth as follows: *Page 12 
 Tuscarawas County Board of Mental Retardation and Developmental Disabilities ("MRDD") employed appellee, Susan Y. Crim, as a swimming teacher during the 1996-1997 school year. Pursuant to the terms of her employment contract with MRDD, appellee worked from August 1996 through June 5, 1997. Appellee was not required to report to work during summer break. Rather than being paid over a nine-month period that corresponded to the school year, appellee elected to be paid over a prorated, twelve-month period. Thus, appellee received compensation from MRDD during the summer months for work actually preformed during the academic calendar year.
 On May 29, 1997, appellee was injured in the course of her employment with MRDD, and a workers' compensation claim was allowed. Appellee was paid temporary total disability compensation for the period of time covering the summer break, from June 7 to August 27, 1997. Appellee had intended to work during the summer at the Tuscarawas County YMCA, as she had worked there the previous summer. Appellee, however, was unable to perform her summer job during her period of disability.
 The Industrial Commission later vacated the award of temporary total disability benefits that had been awarded to appellee for the period of June 7 through August 27, 1997. The commission determined that appellee was not entitled to temporary total disability compensation because she could not establish a loss of earnings, since she received prorated earnings during the summer months. The commission, therefore, found that appellee had been overpaid disability compensation and ordered the overpayment to be recovered. Appellee filed a complaint in mandamus in the Tenth District Court of Appeals claiming that the commission had abused its discretion when it vacated her award of temporary total disability compensation.
 * * *
 The court of appeals overruled appellants' objections and adopted the magistrate's findings of fact and conclusions of law. The court of appeals ordered the commission to vacate *Page 13 
its overpayment recovery order and to issue a new order consistent with the court's decision.
 Appellants appeal to this court as of right.
Id. at 481-482.
 {¶ 30} Thereafter, the Crim court sets forth the issues and its legal analysis. The Crim court states:
 There are two issues presented in this case. The first issue is whether a teacher who contracts to teach during a school year is considered to have voluntarily abandoned her or his employment at the end of an academic calendar year for the purposes of temporary total disability compensation. The second issue is whether a teacher who is employed for nine months of the year and elects to receive prorated compensation over twelve months is entitled to temporary total disability compensation for summer employment that she or he is unable to perform because of the allowed conditions of a claim.
 We find that a teacher does not voluntarily abandon her or his position at the end of a school year and that, although receiving prorated earnings, she or he is entitled to temporary total disability compensation as a result of the allowed conditions of her or his workers' compensation claim.
 * * *
 The facts of this case support a finding that appellee had worked at the YMCA the previous summer and that she intended to resume summer employment with the YMCA for the summer of 1997. Appellants agree that appellee was unable to perform the duties of her summer job at the YMCA. Despite appellants' apparent assertions to the contrary, we cannot conceive of a situation where an employer will consider an applicant for employment who is effectively precluded from performing the required duties of the position. Appellee was obviously prevented from engaging, as she had done the previous summer, in summer employment at the YMCA. To require her to seek employment for a position she *Page 14 
was unable to perform would have been an exercise in futility. Based upon appellee's intent and previous history of summer employment, we conclude that appellee did suffer a loss of earnings.
 For the foregoing reasons, we hold that a teacher is entitled to temporary total disability compensation as a result of the allowed conditions of a claim if the teacher proves an intent to obtain employment during the summer and an intent to resume the teaching position after the summer recess. We further hold that a teacher who is employed for nine months during the academic calendar year, but elects to receive earnings over a prorated twelve-month period, is not, during a summer break, precluded from receiving temporary total disability compensation for a work-related injury on the sole basis that prorated earnings were received over the summer break.
Id. at 482-483, 485-486.
 {¶ 31} Effective May 1, 2002, Rep R 1 states in part:
 (B)(1) The law stated in a Supreme Court opinion is contained within its syllabus (if one is provided), and its text, including footnotes.
 (2) If there is disharmony between the syllabus of an opinion and its text or footnotes, the syllabus controls. Prior to its amendment, Rep R 1 stated:
 (B) The syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication.
 {¶ 32} According to relator, it is problematical that only one of the dual holdings contained in the text of the Crim court's opinion is contained in the single paragraph syllabus. The so-called dual holdings are found in the following paragraph of the court's opinion: *Page 15 
 * * * [W]e hold that a teacher is entitled to temporary total disability compensation as a result of the allowed conditions of a claim if the teacher proves an intent to obtain employment during the summer and an intent to resume the teaching position after the summer recess. We further hold that a teacher who is employed for nine months during the academic calendar year, but elects to receive earnings over a prorated twelve-month period, is not, during a summer break, precluded from receiving temporary total disability compensation for a work-related injury on the sole basis that prorated earnings were received over the summer break.
Id. at 485-486.
 {¶ 33} Citing Rep R 1(B)(2), effective May 1, 2002, relator claims disharmony between the syllabus and the text of the Crim opinion. Relator is incorrect. There is no disharmony between the syllabus and the text simply because the syllabus contains less than all the holdings of the text. Relator's disharmony claim is inconsistent with Rep R 1(B)(1)'s provision that the law is contained within the syllabus and the text of a Supreme Court opinion.
 {¶ 34} The magistrate observes that Crim was decided by the Supreme Court of Ohio on August 15, 2001, prior to the May 1, 2002 amendment of the Supreme Court Rules for the Reporting of Opinions. Thus, Rep R 1(B)(2), effective May 1, 2002, cited by relator in support of her claim for disharmony between the syllabus and text, was not in existence whenCrim was decided and, for that reason, cannot support relator's argument here.
 {¶ 35} Notwithstanding relator's reliance upon a reporting rule that was not in effect when Crim was decided, the inquiry initiated by relator here can proceed under the reporting rules in effect whenCrim was decided. *Page 16 
 {¶ 36} To reiterate, former Rep R 1(B), effective when Crim was decided, stated: "The syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication."
 {¶ 37} Under former Rep R 1(B), the following holding contained in the text is not a controlling point of law because it is not repeated in the syllabus of Crim: "[W]e hold that a teacher is entitled to temporary total disability compensation as a result of the allowed conditions of a claim if the teacher proves an intent to obtain employment during the summer and an intent to resume the teaching position after the summer recess." Id. at 485.
 {¶ 38} However, that the above-quoted holding from the text of the opinion is not a controlling point of law under former Rep R 1(B) does not automatically preclude the commission from applying the holding when it is persuasively supported by the authority that the text offers in support of the holding. In Crim, the Supreme Court of Ohio persuasively explained the dual holdings of the text. Thus, even if the holding must be deemed noncontrolling because it is not contained in the syllabus, this magistrate, nevertheless, finds persuasive authority for the holding in the Crim text itself.
 {¶ 39} The holding at issue here is supported by the following portion of the Crim text:
 * * * When determining whether an injury qualifies for temporary total disability compensation, the court utilizes a two-part test. "The first part of this test focuses on the disabling aspects of the injury, whereas the later part determines if there are any factors, other than the injury, *Page 17 
which would prevent the claimant from returning to [her or] his former position." State ex rel. Ashcraft v. Indus. Comm. (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533, 535. However, only a voluntary abandonment will preclude the payment of temporary total disability. State ex rel. Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44, 46, 531 N.E.2d 678, 680.
 Appellee satisfies the first part of the Ashcraft test, since there is no dispute as to the disabling aspects of her injury. However, appellants contend that appellee voluntarily terminated (abandoned) her employment at the end of the school year by virtue of the terms of her employment contract, thus failing the second part of the Ashcraft test. Accordingly, the issue is narrowed to whether appellee's employment contract, which terminated her employment at the end of the school year, was a voluntary act by appellee that prevented her from returning to MRDD.
 "[T]he mere fact that [a claimant was] hired for a specific term of employment does not, standing alone, preclude the receipt of temporary total disability benefits for any period beyond the length of that term." State ex rel. Pittsburgh Plate Glass Industries, Inc. v. Indus. Comm. (1991), 71 Ohio App.3d 430, 433, 594 N.E.2d 80, 82. It is the claimant's intent that determines whether the termination of employment is unrelated to the allowed condition so as to preclude return to former employment. Id. at 434, 594 N.E.2d at 82. We recognize that an employee/employer agreement for a specific term may be evidence of that employee's intent to voluntarily terminate employment. Id. However, the facts of this case and the intention of appellee do not support such a conclusion.
Id. at 483-484. (Emphasis sic.)
 {¶ 40} In short, even if former Rep R 1(B) prevents the holding at issue from being treated as controlling law, because the holding is supported by the law as explained in the text and is not inconsistent with current law, it is applicable to the instant case. *Page 18 
 {¶ 41} The magistrate further notes that, citing State ex rel. B.O.C.Group, General Motors Corp. v. Indus. Comm. (1991), 58 Ohio St.3d 199, relator claims here that "a teacher's summer break is akin to a layoff."
 {¶ 42} In B.O.C. Group, the claimant was laid off by her employer for reasons unrelated to her industrial injury. Nevertheless, the commission awarded TTD compensation for a period subsequent to the layoff. In a mandamus action, the employer contended that the layoff precluded entitlement to TTD compensation. The court disagreed:
 Relying on Rockwell, B.O.C. asserts that temporary total disability compensation is improper since claimant's departure was not injury-related. This is incorrect. An employer-initiated departure is still considered involuntary as a general rule. Rockwell did not narrow the definition of "involuntary," it expanded it. While certain language in Rockwell may be unclear, its holding is not. The lack of a causal connection between termination and injury has no bearing where the employer has laid off the claimant.
Id. at 202.
 {¶ 43} There is no evidence in the record that relator ever claimed before the commission that her summer breaks were akin to a layoff. Because issues not raised administratively are not reviewable in mandamus, relator's layoff argument is not before this court. State exrel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78.
 {¶ 44} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1