Lundberg Stratton, J.,
concurring.
{¶ 8} I concur in the majority’s judgment; however, I write separately to clarify the limited purpose of our order. Glenn has admitted that she elected to be paid her teacher’s salary over a 12-month period, not a nine-month school period. The commission’s order of January 24, 2006, also acknowledged that “[pjayroll records in file document the injured worker received her teacher earnings over a pro-rated twelve month period, not over the nine month school period.” Since the commission denied temporary total disability compensation during the summer months, we are ordering the commission to determine merely whether Glenn received her prorated wages from Columbus Public Schools during the 2005 and 2006 summers, that is, whether disability was denied for the summer months despite the pro rata payment method. In other words, the record is not clear whether her disability payments were based on nine months of her wages or the full 12 months as prorated.
{¶ 9} Nowhere in her brief does Glenn allege that she was not paid over the summer months, and nowhere does she allege a loss of wages from summer employment unrelated to teaching. Instead, she asks this court to review the concept of voluntary abandonment in temporary total disability cases. However, that issue was not properly before us in this case. Furthermore, as the majority states, we rejected the argument that a teacher voluntarily abandons his or her position at the end of a school year in State ex rel. Crim v. Ohio Bur. of Workers’ Comp. (2001), 92 Ohio St.3d 481, 751 N.E.2d 990. Consequently, Crim does not apply. *486 {¶ 10} Therefore, for the limited purpose of our order to the commission, I concur.
Philip J. Fulton Law Office, Philip J. Fulton, and William A. Thorman III, for appellant.
Loren L. Braverman, for appellee Columbus City School District Board of Education.
Richard Cordray, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellee Industrial Commission of Ohio.