[Cite as *State ex rel. Hartlieb v. Cleveland*, 2017-Ohio-372.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Carl W. Hartlieb, | : | |
| Relator, | : | |
| v. | : | No. 16AP-257 |
| City of Cleveland and | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio, | | |
| | : | |
| Respondents. | | |

D E C I S I O N

Rendered on January 31, 2017

*Robert C. Bianchi,* for relator.

*City of Cleveland Department of Law, Barbara Langhenry* and *Lisa A. Mack,* for respondent City of Cleveland.

*Michael DeWine,* Attorney General, and *LaTawnda N. Moore,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

BRUNNER, J.

{¶ 1} Relator, Carl W. Hartlieb, has filed this original action requesting this Court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied his application for temporary total disability ("TTD") compensation, and ordering the commission to find that he is entitled to that award.

{¶ 2} We referred this matter to a magistrate of this Court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate found that Hartlieb has not demonstrated that the commission abused its discretion when

No. 16AP-257

it denied his application for TTD compensation. The magistrate recommends that this Court deny Hartlieb's request for a writ of mandamus.

{¶ 3} No objections have been filed to the magistrate's decision.

{¶ 4} Having conducted an independent review of the record in this matter and finding no error of law or other defect on the face of the magistrate's decision, this Court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.

*Writ of mandamus denied.*

TYACK, P.J., and KLATT, J., concur.

_____

No. 16AP-257

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Carl W. Hartlieb, | : | |
| Relator, | : | |
| v. | : | No. 16AP-257 |
| City of Cleveland | : | (REGULAR CALENDAR) |
| and | | |
| Industrial Commission of Ohio, | : | |
| Respondents. | : | |

M A G I S T R A T E' S   D E C I S I O N

Rendered on September 20, 2016

*Robert C. Bianchi,* for relator.

*City of Cleveland Department of Law, Barbara Langhenry* and *Lisa A. Mack,* for respondent City of Cleveland.

*Michael DeWine,* Attorney General, and *LaTawnda N. Moore,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 5} Relator, Carl W. Hartlieb, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied his application for temporary total disability ("TTD") compensation, and ordering the commission to find that he is entitled to that award.

No. 16AP-257

Findings of Fact:

{¶ 6} 1. Relator sustained a work-related injury on November 10, 2014 while employed with the city of Cleveland ("employer"). Relator was injured when he slipped off the step of a snow plow truck while getting into the truck and his workers' compensation claim has been allowed for the following conditions: "sprain left hip; sprain left calf; sprain left knee; left medial meniscus tear."

{¶ 7} 2. For the past 17 years, relator routinely worked approximately 5 months out of the year for the city of Cleveland and collected unemployment the remaining part of the year.

{¶ 8} 3. In 2015, relator requested TTD compensation and, in an order mailed September 14, 2015, the administrator of the Ohio Bureau of Workers' Compensation ("BWC") granted him TTD compensation for the period March 16 through July 24, 2015, minus any sick leave used or salary continuation paid, and to continue upon submission of supportive medical documentation. The BWC order was based on the September 9, 2015 physician review report performed by Donato Borrillo, M.D., and the fact that relator's claim had only recently been allowed for the left knee medial meniscus tear.

{¶ 9} 4. The employer filed an appeal and the matter was heard before a district hearing officer ("DHO") on October 23, 2015. The DHO affirmed the prior BWC order based upon the July 24, 2015 Medco-14 Physician's Report of Work Ability of Steven Bernie, M.D., and the testimony of relator that "were it not for his knee injury he would have worked the period in question performing road repair work."

{¶ 10} 5. The employer appealed and the matter was heard before a staff hearing officer ("SHO") on January 6, 2016. The SHO vacated the prior DHO order and denied the request for TTD compensation for two reasons. First, the SHO determined that relator had been a seasonal employee for the employer for the past 17 years and failed to establish that he would have been in the workforce during this time period if it were not for this injury. Specifically, the SHO order provides:

> The Injured Worker has been a seasonal employee for the named Employer for the past 17 years as a snow plow operator. He began receiving Social Security benefits approximately 13 years ago. The Injured Worker has never worked for the named Employer beyond the snow season despite being offered such positions periodically based upon

No. 16AP-257

seniority. The purpose of temporary total disability compensation is to compensate Injured Worker's from lost earnings as a result of a work-related injury. The Hearing Officer finds that the Injured Worker has failed to establish[] that he would have been in the work force during this time period if it would not have been for this injury.

{¶ 11} The SHO also found that the medical evidence was insufficient to support the requested period of TTD compensation, stating:

Further, the Hearing Officer finds insufficient medical evidence to support temporary total disability compensation during this time period as it relates to the newly allowed condition. The Injured Worker has undergone extensive therapy in the past for the knee and the back. He has received injections in the knee and he has been determined to not be a surgical candidate. Further treatment would be directed at pain control and would not produce additional functionality. For this reason, the Hearing Officer relies upon the 12/16/2015 report of Cynthia Taylor, D.O., in that the Injured Worker has reached maximum medical improvement for all the allowed conditions of this claim.

The Hearing Officer finds that the Claimant has reached maximum medical improvement. Maximum medical improvement is defined as a treatment plateau, static or well-stabilized, at which no fundamental, functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures (Ohio Adm. Code 4121-3-32).

{¶ 12} 6. The SHO relied on the medical report of Cynthia Taylor, D.O., dated December 27, 2015. In that report, Dr. Taylor listed the allowed conditions in relator's claim, provided her physical findings upon examination, and concluded that relator's allowed conditions had reached maximum medical improvement ("MMI"), stating:

The injured worker has had conservative care and continues with chronic pain in the left hip and knee. He has reached a treatment plateau and MMI. He may have a hyaline injection into the left knee which could be helpful for pain management purposes, but this is not going to fundamentally change his functional status.

* * *

> It is my medical opinion that the injured worker has reached MMI based on the review of records, his symptoms, and on my examination today.
>
> * * *
>
> The injured worker had conservative care. He is going to have three injections into the left knee which could be helpful for pain management purposes. However, he has reached MMI as this will not change his functional status.

{¶ 13} 7. There are several Medco-14s in the record signed by Phillip Stickney, M.D. Dr. Stickney opined that relator was unable to perform any work from March 16 through December 1, 2015.

{¶ 14} 8. Relator's appeal was refused by order of the commission mailed February 6, 2016. The stipulation of evidence includes the Form 1099-G for 2014 indicating that relator was paid $6,102 of unemployment compensation that year.

{¶ 15} 9. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is the magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 17} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be

given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 19} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 20} In order to be entitled to the requested period of TTD compensation, relator had the burden of proving that, but for the work-related injury, he would have been employed. The evidence submitted indicates that, for the past 17 years, relator has worked driving a snow plow for the city of Cleveland, and has not worked beyond the snow season despite being offered such positions periodically based upon seniority. In initially awarding relator TTD compensation, the DHO relied on his testimony that he had planned on securing a job at the end of the snow season in 2015, but was precluded from doing so because of the allowed conditions in the claim. Although relator was also present for the hearing before the SHO and likely testified that 2015 was the year that he planned to work after the close of the snow season, the SHO clearly did not find his testimony to be credible.

{¶ 21} Questions of fact and the credibility of evidence are within the discretion of the commission as fact finder and it is immaterial whether other evidence, even if greater in quality and/or quantity supports a decision contrary to the commission's. *Teece; State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373 (1996). Further, the commission is not required to accept self-serving statements as some evidence. *State ex rel. Kidwell v. Indus. Comm.,* 10th Dist. No. 02AP-940, 2003-Ohio-4509.

{¶ 22} In support of his argument, relator cites the Supreme Court of Ohio's decision in *State ex rel. Crim v. Bur. of Workers' Comp.,* 92 Ohio St.3d 481 (2001). Susan Y. Crim was hired by the Tuscawarus County Board of Mental Retardation and

No. 16AP-257

Developmental Disabilities to teach swimming during the 1996-1997 school year. Under the terms of her contract, she had the option of and elected to receive her pay on a prorated basis over a 12-month period. On May 29, 1997, Crim was injured while working in the course of her employment and, as a result, she was unable to take a summer job with an organization that had employed her the previous summer.

{¶ 23} The commission denied her request for TTD compensation finding that she did not establish a loss of earnings since she received prorated earnings during the summer months.

{¶ 24} Crim filed a mandamus action in this court, which was granted. Thereafter, both the commission and the employer appealed that decision. The Supreme Court of Ohio indicated that there were two issues presented. The first issue was whether a teacher who contracts to teach during a school year is considered to have voluntarily abandoned his or her employment at the end of an academic calendar year for the purposes of TTD compensation. The second issue was whether a teacher, employed for nine months of the year, who elects to receive prorated compensation over 12 months, is entitled to TTD compensation for summer employment that he or she was unable to perform because of the allowed conditions in the claim.

{¶ 25} The court held that a teacher does not voluntarily abandon his or her position of employment at the end of the school year and that, although receiving prorated earnings, he or she is may be entitled to an award of TTD compensation.

{¶ 26} Crim presented evidence that she had worked at the YMCA the previous summer and that she intended to resume summer employment with the YMCA for the summer of 1997. Based on Crim's intent to return to the summer position at the YMCA and her previous history of summer employment, the court concluded that Crim did suffer a loss of earnings.

{¶ 27} By comparison, relator worked driving a snow plow for the city of Cleveland for 17 years. Over the course of those 17 years, relator never worked during the off season. Instead, he chose to receive unemployment compensation. Although relator did apparently testify that, after 17 years he intended to work in the off season, the commission was not required to rely on his testimony. As such, based on the facts,

No. 16AP-257

relator's case is clearly distinguishable from the facts in *Crim.* As such, the magistrate finds that relator has not demonstrated that the commission has abused its discretion.

{¶ 28} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for TTD compensation, and this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).