THE STATE EX REL. GLENN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Glenn v. Indus. Comm.,* 122 Ohio St.3d 483, 2009-Ohio-3627.]

*Workers' compensation — Temporary total disability compensation — Teacher is ineligible to receive temporary total disability compensation during the summer when the teacher is receiving prorated wages from the school year.*

(No. 2007-2420 — Submitted June 2, 2009 — Decided July 30, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 07AP-89, 2007-Ohio-6535.

_____

**Per Curiam**.

{¶ 1} In *State ex rel. Crim v. Ohio Bur. of Workers' Comp.* (2001), 92 Ohio St.3d 481, 751 N.E.2d 990, we considered whether a teacher who is employed during the academic calendar year but elects to receive earnings over a prorated 12-month period is precluded from receiving temporary total disability ("TTD") compensation during the summer solely because the teacher received her prorated earnings over the summer. We concluded that a teacher is not so precluded, id. at syllabus, if she intended to work an additional job over the summer and the industrial injury prevented her from doing that job. Id. at 485, 751 N.E.2d 990. In the case at bar, we are asked to consider appellant Margarita Glenn's request for TTD compensation. Glenn is a teacher for appellee Columbus Public Schools. She was not required to report to work over summer break. Like many teachers, Glenn elected to receive her salary over 12 months rather than the nine corresponding to the school year. This meant that she would

receive wages from Columbus Public Schools during the summer for work that she had actually performed during the academic calendar year.

{¶ 2} Glenn was injured in 2004 after being assaulted by a student. The psychological aftermath has been particularly severe, resulting in allowed conditions that have rendered her consistently unable to return to the classroom. Appellee Industrial Commission of Ohio awarded Glenn TTD compensation for her inability to work during the school year, but denied her compensation over the 2005 and 2006 summer breaks.

{¶ 3} Denial was based on *Crim*. Glenn filed a complaint in mandamus in the Court of Appeals for Franklin County. Citing *Crim*, the court of appeals denied the writ, and Glenn has appealed to this court as of right.

{¶ 4} Glenn apparently believes that *Crim* is a voluntary-abandonment case and her single argument urges us to strike the concept in its entirety. These efforts are misplaced because we expressly held in *Crim* that a teacher did not voluntarily abandon his or her position at the end of the school year:

{¶ 5} "[I]t is axiomatic that a teacher who is required to leave her teaching position at the end of the school year does not do so voluntarily. If we were to conclude that teachers 'voluntarily abandon' their positions of employment at the conclusion of each school year, we would disqualify an entire class of claimants simply because of the unique terms of their employment." 92 Ohio St.3d at 484, 751 N.E.2d 990.

{¶ 6} We consider the Industrial Commission's reliance on *Crim* to be flawed for a different reason. *Crim* did not apply for TTD compensation based on her inability to work at her teaching job. She applied for TTD compensation based on her inability to work at a second job during the summer. Id. at 485, 751 N.E.2d 990. This court set forth a two-part test to determine when a teacher is eligible to receive TTD compensation for a second job even though she is receiving prorated salary from her primary job. Id. at 485-486, 751 N.E.2d 990.

2

*Crim* stands for nothing more than this and is therefore not relevant to the issue before us.

{¶ 7}   During the 2005 and 2006 school years, Glenn received TTD compensation, not wages.  She did not receive TTD compensation during the summers.  If Glenn received her wages from Columbus Public Schools during the summers of 2005 and 2006, she would be ineligible for TTD compensation. *State ex rel. Bunch v. Indus. Comm***. (1980), 62 Ohio St.2d 423, 427, 16 O.O.3d 449, 406 N.E.2d 815 (**"The purpose of temporary disability benefits is to compensate for the loss of earnings"), citing *State ex rel. Rubin v. Indus. Comm*. (1938), 134 Ohio St. 12, 16, 11 O.O. 382, 15 N.E.2d 541.  But if she did not, she should be eligible for TTD compensation based on the fact that she lost earnings – the wages earned during the school year, the payment of which was deferred until summer.  Because the record lacks payroll records or other evidence that would clarify whether  payment of Glenn's wages resumed over the summers in question, we order the commission to determine whether Glenn received wages from Columbus Public Schools during the 2005 and 2006 summers.  Because Glenn suffered an injury that rendered her unable to teach, she is entitled to either her salary or TTD compensation.  She cannot be denied both merely because she elected to prorate her salary over 12 months.

Judgment reversed

and limited writ granted.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

_____

**LUNDBERG STRATTON, J., concurring**.

{¶ 8}   I concur in the majority's judgment; however, I write separately to clarify the limited purpose of our order.  Glenn has admitted that she elected to be

paid her teacher's salary over a 12-month period, not a nine-month school period. The commission's order of January 24, 2006, also acknowledged that "[p]ayroll records in file document the injured worker received her teacher earnings over a pro-rated twelve month period, not over the nine month school period." Since the commission denied temporary total disability compensation during the summer months, we are ordering the commission to determine merely whether Glenn received her prorated wages from Columbus Public Schools during the 2005 and 2006 summers, that is, whether disability was denied for the summer months despite the pro rata payment method. In other words, the record is not clear whether her disability payments were based on nine months of her wages or the full 12 months as prorated.

{¶ 9} Nowhere in her brief does Glenn allege that she was not paid over the summer months, and nowhere does she allege a loss of wages from summer employment unrelated to teaching. Instead, she asks this court to review the concept of voluntary abandonment in temporary total disability cases. However, that issue was not properly before us in this case. Furthermore, as the majority states, we rejected the argument that a teacher voluntarily abandons his or her position at the end of a school year in *State ex rel. Crim v. Ohio Bur. of Workers' Comp*. (2001), 92 Ohio St.3d 481, 751 N.E.2d 990. Consequently, *Crim* does not apply.

{¶ 10} Therefore, for the limited purpose of our order to the commission, I concur.

_____

Philip J. Fulton Law Office, Philip J. Fulton, and William A. Thorman III, for appellant.

Loren L. Braverman, for appellee Columbus City School District Board of Education.

4

Richard Cordray, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____