[Cite as *State ex rel. Akron Paint & Varnish, Inc. v. Gullotta,* 131 Ohio St.3d 231, 2012-Ohio-542.]

THE STATE EX REL. AKRON PAINT & VARNISH, INC., APPELLEE, *v.* GULLOTTA ET AL., APPELLANTS.

[Cite as *State ex rel. Akron Paint & Varnish, Inc. v. Gullotta,*

131 Ohio St.3d 231, 2012-Ohio-542.]

*Workers' compensation—R.C. 4123.52—Continuing jurisdiction—Commission erred in exercising continuing jurisdiction to renew payment of temporary total disability benefits—Allowance of additional condition does not constitute new or changed circumstances sufficient to justify exercise of continuing jurisdiction when claimant's loss of earnings was caused by refusal of suitable light-duty work rather than by industrial injury.*

(No. 2010-0636—Submitted November 15, 2011—Decided February 15, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-492, 2010-Ohio-1321.

_____

**LUNDBERG STRATTON, J.**

**{¶ 1}** Appellants, Guiseppe Gullotta and the Industrial Commission of Ohio ("commission"), have filed an appeal of right from a judgment of the Franklin County Court of Appeals ordering the commission to vacate its order of July 16, 2008, awarding Gullotta compensation for temporary total disability ("TTD"). The court of appeals determined that the commission had abused its discretion when it awarded TTD compensation based on new and changed circumstances from the commission's previous order of November 29, 2007, that denied TTD benefits.

**{¶ 2}** For the reasons set forth, we hold that Gullotta did not present evidence to justify the commission's exercise of continuing jurisdiction under R.C. 4123.52 and that Gullotta was ineligible to receive TTD compensation for

the period requested because his injury was not the reason that he could not return to his former position of employment. Consequently, the court of appeals correctly concluded that the commission had abused its discretion when it awarded TTD to Gullotta.

Facts and Procedural History

{¶ 3} In January 2007, Gullotta injured his back while working for appellee, Akron Paint & Varnish, Inc. ("APV"). His industrial claim was allowed for lumbar sprain, and he received TTD compensation for several weeks before returning to light-duty work consistent with his doctor's medical restrictions.

{¶ 4} On March 14, 2007, Gullotta's then treating physician, Dr. Stephen A. Lohr, found that Gullotta's physical capabilities had improved and reduced his work restrictions. Based on the new, lesser restrictions, APV began to increase Gullotta's job duties. Gullotta saw Dr. Lohr again on April 11, 2007, but his work restrictions remained the same.

{¶ 5} Gullotta complained to his employer about his job duties, and on April 16, 2007, he met with Michael Summers, a vice president at APV. Summers offered him another position within his physical limitations. Gullotta told Summers that he did not want that job either, and he immediately resigned and left the premises.

{¶ 6} Four months later, Gullotta submitted another request to the commission for TTD compensation for April 24 through November 4, 2007. A district hearing officer denied the request, concluding that Gullotta had voluntarily abandoned his employment and thereby removed himself from the workforce. On November 29, 2007, the staff hearing officer vacated that order and entered a new order, still denying benefits, but for a different reason. The staff hearing officer determined that the period of disability for which Gullotta was requesting compensation was not causally related to his industrial injury, but rather was due to his refusal to return to his light-duty job or to accept the suitable

alternative employment that had been offered by APV. The staff hearing officer expressly noted that Gullotta was medically unable to return to his former position of employment at the time he quit, so his resignation could not be termed a voluntary abandonment. Gullotta did not appeal, and the November 29, 2007 order became final.

{¶ 7} In March 2008, Gullotta's claim was additionally allowed for aggravation of preexisting hypertrophy. As a result, Gullotta filed a new motion for TTD benefits, along with a report from his treating physician, Dr. Brent A. Ungar. A district hearing officer denied the request because Gullotta had refused a light-duty job and that he had failed to present evidence that his additionally allowed medical condition resulted in any different work restrictions.

{¶ 8} On July 16, 2008, a staff hearing officer reversed. The staff hearing officer determined that Gullotta's newly allowed medical condition was evidence of new and changed circumstances. The hearing officer determined that Gullotta's medical condition had worsened and that this change warranted payment of TTD compensation for November 5, 2007, through May 16, 2008. The staff hearing officer emphasized that the commission's previous order of November 29, 2007, had determined that Gullotta's resignation in April 2007 was not a voluntary abandonment of employment that would preclude future TTD benefits, since he was unable to return to his former position then.

{¶ 9} APV filed a complaint in mandamus in the court of appeals, alleging that the commission had abused its discretion. The matter was referred to a magistrate, who agreed that the commission had abused its discretion when it relied on the additionally allowed medical condition as a new and changed circumstance since the previous order of November 29, 2007. Instead, the magistrate concluded that Gullotta had not submitted evidence that would justify renewed TTD in light of his previous refusal of the work made available by APV within his physical capabilities. The magistrate further concluded that even if

there were medical evidence that Gullotta's condition had worsened since his resignation, he "has lost no wages during the period of claimed disability for which he can be compensated."

{¶ 10} The court of appeals adopted the magistrate's findings. The appellate court issued a writ of mandamus ordering the commission to vacate the July 16, 2008 order and to enter an order denying TTD compensation.

## Standard of Review

{¶ 11} "For mandamus to issue, it must be demonstrated that: (1) the relator has a clear legal right to the relief requested; (2) respondents are under a clear legal duty to perform the acts requested; and (3) relator has no plain and adequate remedy at law." *State ex rel. Stafford v. Indus. Comm.*, 47 Ohio St.3d 76, 77-78, 547 N.E.2d 1171 (1989). The relator has the burden to show that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Bradley v. Indus. Comm.,* 77 Ohio St.3d 239, 242, 673 N.E.2d 1275 (1997); *State ex rel. Hutton v. Indus. Comm.*, 29 Ohio St.2d 9, 278 N.E.2d 34 (1972).

## Legal Analysis

{¶ 12} "A temporary total disability is one that prevents a return to the former position of employment." *State ex rel. Johnson v. Rawac Plating Co*., 61 Ohio St.3d 599, 600, 575 N.E.2d 837 (1991). Compensation for TTD terminates when the employee returns to work, is medically capable of returning to work, or has reached maximum medical improvement. R.C. 4123.56(A). Compensation for TTD is also barred when "work within the physical capabilities of the employee is made available by the employer or another employer." *Id.*

{¶ 13} If an employee's TTD compensation is terminated, the employee may seek renewed compensation if the employee again becomes temporarily totally disabled. *Id.* In such a case, the commission may exercise continuing jurisdiction and may modify or change its former findings or orders when

justified. R.C. 4123.52(A). That is, the commission may reopen the issue of eligibility for TTD compensation if there are new and changed circumstances.[1]

{¶ 14} At issue here is the commission's July 16, 2008 order, in which a staff hearing officer granted Gullotta TTD compensation for a period of time after he left APV. We review the appellate court's decision that the commission improperly exercised continuing jurisdiction in light of the commission's prior order on November 29, 2007.

{¶ 15} In the July 16, 2008 order, the staff hearing officer expressly relied on Gullotta's additionally allowed medical condition as evidence of new and changed circumstances justifying the exercise of continuing jurisdiction. The hearing officer stated that this change was a worsening of Gullotta's medical condition that warranted the payment of TTD compensation. Regarding the commission's prior order of November 29, 2007, the staff hearing officer stated that Gullotta had quit a light-duty job that had been within his medical restrictions, but that this resignation did not amount to a voluntary abandonment, because he had been unable to return to his former position at the time he resigned.

{¶ 16} The court of appeals agreed with the magistrate's conclusion that Gullotta had not presented evidence of new and changed circumstances from the November 29, 2007 order denying TTD compensation. The magistrate further concluded that even if the medical evidence submitted showed new and changed circumstances for the purpose of continuing jurisdiction, it "cannot alter the previously determined fact that claimant has no job to return to" as a result of Gullotta's unjustified refusal to accept the other light-duty work offered.

---

1. The other prerequisites for exercising continuing jurisdiction are fraud, clear mistake of fact, clear mistake of law, and error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.,* 81 Ohio St.3d 454, 459, 692 N.E.2d 188 (1998).

**{¶ 17}** We agree. Although the worsening of an existing medical condition or a newly allowed medical condition often serves as new and changed circumstances justifying the exercise of continuing jurisdiction to modify a previous order, see *State ex rel. Bing v. Indus. Comm.*, 61 Ohio St.3d 424, 427, 575 N.E.2d 177 (1991); *State ex rel. Josephson v. Indus. Comm.,* 101 Ohio St.3d 195, 2004-Ohio-737, 803 N.E.2d 799, in this case, the previous order denying TTD was not based on medical evidence but rather on the statutory bar of compensation when a claimant unjustifiably refuses light-duty work made available by the employer.

**{¶ 18}** Here, Gullotta presented no evidence that his employment situation had changed. With no loss of wages, an award of TTD compensation is not warranted. *State ex rel. Glenn v. Indus. Comm.,* 122 Ohio St.3d 483, 2009-Ohio-3627, 912 N.E.2d 592, ¶ 7 (the purpose of TTD benefits is to compensate for loss of earnings). Thus, the commission abused its discretion when it exercised continuing jurisdiction and ordered TTD compensation.

**{¶ 19}** Gullotta admits that his prior request for TTD benefits was barred by his refusal to accept a suitable job. Nevertheless, he argues that the additionally allowed medical condition presented new physical restrictions and that APV did not offer alternative employment consistent with his new physical restrictions. He contends that APV must make a new good-faith offer of employment taking into account his new work restrictions caused by the new condition—one that was recognized after he no longer worked at APV.

**{¶ 20}** When Gullotta resigned from APV, his employer had placed him in a light-duty position consistent with his medical restrictions. When he complained about those duties, APV made available another light-duty position similarly consistent with his medical restrictions as they then existed. Gullotta refused both positions. The additionally allowed medical condition, recognized

since his resignation, does not change the fact that Gullotta unjustifiably refused light-duty work in April 2007.

**{¶ 21}** Thus, we agree with the court of appeals that the commission abused its discretion when it determined that there was evidence to support a finding of new and changed circumstances since the November 2007 order. Nothing had changed that would affect the finding in that order that Gullotta had unjustifiably refused to do his light-duty job and also refused his employer's offer of an alternative light-duty position. He presented no evidence of circumstances, new or changed, that would demonstrate a loss of wages as a result of TTD. The commission abused its discretion when it exercised continuing jurisdiction. Thus, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Richard L. Williger Co., L.P.A., and Richard L. Williger, for appellee.

Philip J. Fulton Law Office, Ross R. Fulton, and Philip J. Fulton, for appellant Guiseppe Gullotta.

Michael DeWine, Attorney General, and Gerald H. Waterman and Elise Porter, Assistant Attorneys General, for appellant Industrial Commission of Ohio.

_____