[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Columbus City Schools, Columbus Bd. of Edn. v. Brookbank-Mizer*, Slip Opinion No. 2026-Ohio-1175.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1175

THE STATE EX REL. COLUMBUS CITY SCHOOLS, COLUMBUS BOARD OF EDUCATION, APPELLANT, *v.* BROOKBANK-MIZER ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Columbus City Schools, Columbus Bd. of Edn. v. Brookbank-Mizer*, Slip Opinion No. 2026-Ohio-1175.]

*Workers' compensation—Mandamus—Temporary-total-disability ("TTD") compensation—R.C. 4123.56(F)—Industrial Commission failed to fully consider and apply R.C. 4123.56(F) in awarding TTD compensation during summer recess to nine-month school-district employee who had elected to receive her salary prorated over 12 months—*State ex rel. Crim v. Bur. of Workers' Comp. *distinguished—Court of appeals' denial of writ reversed and limited writ issued directing Industrial Commission to vacate its order and to determine employee's eligibility for TTD compensation during summer recess under R.C. 4123.56(F).*

(No. 2025-0922—Submitted January 6, 2026—Decided April 3, 2026.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-111, 2025-Ohio-2234.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellee Julie A. Brookbank-Mizer sustained a work-related injury while employed by Columbus City Schools and was awarded temporary-total-disability ("TTD") compensation commencing in September 2021. Because Brookbank-Mizer is a nine-month employee who was not scheduled to work during the following summer recess, the school district requested a hearing to determine her eligibility to continue receiving TTD compensation during the recess. Appellee Industrial Commission of Ohio determined that because Brookbank-Mizer had elected to receive stretch pay—an option for school employees to receive their salaries spread out, or prorated, over 12 months for the work performed during the 9-month school year—she was eligible for TTD compensation during the summer. Appellant, Columbus City Schools, Columbus Board of Education ("Columbus Schools"), filed a complaint in the Tenth District Court of Appeals, seeking a writ of mandamus directing the commission to vacate its order. The Tenth District denied the writ, and Columbus Schools has appealed to this court.

{¶ 2} For the reasons that follow, we reverse the Tenth District's judgment and issue a limited writ directing the commission to vacate its order and to consider and determine whether Brookbank-Mizer was eligible for TTD compensation during the 2022 summer recess under R.C. 4123.56(F).

## I. BACKGROUND

{¶ 3} Brookbank-Mizer is a speech therapist employed by Columbus City Schools. She elected to receive stretch pay, and her salary is therefore prorated over 12 months for the work performed during the 9-month school year.

{¶ 4} On August 30, 2021, Brookbank-Mizer was attempting to clean a school file cabinet when two shelves collapsed and struck her on the head. The Bureau of Workers' Compensation allowed her claim for "concussion without loss of consciousness," "sprain of ligaments of cervical spine," and "sprain of ligaments of thoracic spine" and awarded her TTD compensation commencing September 1. After that date—and at all times relevant to this appeal—Columbus Schools no longer paid Brookbank-Mizer her stretch-pay wages.

{¶ 5} In May 2022, after her treating physician certified that she "was not released to any work" until at least August 25, 2022, Brookbank-Mizer requested to extend her TTD compensation.[1] The school district moved for a hearing, noting that Brookbank-Mizer's last day of scheduled work for the 2021-2022 school year would be June 3 and that her first day of work for the 2022-2023 school year would be August 22.

{¶ 6} After a hearing, a district hearing officer ("DHO") for the commission determined that Brookbank-Mizer was not eligible for TTD compensation after June 3. The DHO relied on R.C. 4123.56(F), the first two sentences of which provide as follows:

> If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section.

---

1. Brookbank-Mizer's treating physician later certified that she could not return to work until November 25, 2022.

The DHO found that Brookbank-Mizer was a nine-month employee, that she did not work during the 2021 summer recess, and that she had not presented evidence indicating that she intended to work during the 2022 summer recess. Therefore, the DHO concluded that she was ineligible for TTD compensation during the 2022 summer recess because the reason she was not working during the recess was unrelated to her injury—i.e., she had not been scheduled to work during the recess. The DHO further ordered that any TTD compensation paid to Brookbank-Mizer after June 3, 2022, be recouped under R.C. 4123.511(K).

{¶ 7} Brookbank-Mizer appealed the decision administratively. After another hearing, a staff hearing officer ("SHO") for the commission affirmed the DHO's decision, though on different grounds. The SHO concluded—incorrectly— that Brookbank-Mizer had received her normal stretch-pay wages during the 2022 summer recess and therefore was not entitled to TTD compensation during the recess.

{¶ 8} The commission originally refused to hear Brookbank-Mizer's appeal of the SHO's order. But after she moved for reconsideration, the commission exercised its continuing jurisdiction and granted her request for reconsideration, finding that the SHO's order included mistakes of both fact and law. Specifically, the SHO erred, the commission concluded, by finding that Brookbank-Mizer had received her normal wages during the 2022 summer recess and by determining that R.C. 4123.56(F) barred her from receiving TTD compensation during the recess. The commission instead relied on this court's reasoning in *State ex rel. Glenn v. Indus. Comm.*, 2009-Ohio-3627, in which we determined that an injured teacher who had elected to receive stretch pay was entitled to TTD compensation during the summer recess if she was not receiving her normal wages, *id.* at ¶ 7. Purporting to follow *Glenn*, the commission found that the SHO had erred in terminating TTD compensation as of June 3, 2022; ordered that TTD compensation be awarded

through the date of the commission's hearing, December 15, 2022; and authorized it to continue thereafter upon Brookbank-Mizer's submission of appropriate evidence.

{¶ 9} Columbus Schools filed this mandamus action in the Tenth District, seeking a writ directing the commission to vacate its order awarding Brookbank-Mizer TTD compensation during the 2022 summer recess. A magistrate recommended that the Tenth District deny the writ, finding that Brookbank-Mizer was entitled to TTD compensation during the recess under the first sentence of R.C. 4123.56(F) and under the reasoning of *Glenn*. 2025-Ohio-2234, ¶ 33, 42-46 (10th Dist.). After Columbus Schools filed objections, the Tenth District adopted the magistrate's decision, overruled the objections, and denied the writ. *Id.* at ¶ 17. Columbus Schools has filed this direct appeal.

## II. STANDARD OF REVIEW

{¶ 10} To be entitled to a writ of mandamus, a relator must show by clear and convincing evidence that he or she has a clear legal right to the requested relief, that the commission has a clear legal duty to provide that relief, and that the relator has no adequate remedy in the ordinary course of the law. *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, 2021-Ohio-3669, ¶ 10. An order awarding TTD compensation is not appealable under R.C. 4123.512(A) and may be challenged by a mandamus action. *State ex rel. AutoZone Stores, Inc. v. Indus. Comm.*, 2024-Ohio-5519, ¶ 12.

{¶ 11} In a workers' compensation mandamus appeal, a writ of mandamus may lie when there is a legal basis to compel the commission to perform its duties under the law or when the commission has abused its discretion in carrying out its duties. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 2008-Ohio-1593, ¶ 9. "Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion." *State ex rel.*

*Mobley v. Indus. Comm.*, 1997-Ohio-181, ¶ 16. However, a writ of mandamus may be issued against the commission if it "has incorrectly interpreted Ohio law." *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65 (1975).

### III. ANALYSIS

{¶ 12} Columbus Schools raises three interrelated propositions of law. It first asserts that under a proper application of R.C. 4123.56(F), Brookbank-Mizer was not entitled to TTD compensation during the 2022 summer recess. As for its second and third propositions of law, Columbus Schools contends that our decision in *State ex rel. Crim v. Bur. of Workers' Comp.*, 2001-Ohio-1268, controls this case and that the commission and the Tenth District erred by relying on *Glenn*.

{¶ 13} We conclude that all three propositions of law have some merit and demonstrate that the appropriate remedy here is a limited writ directing the commission to apply R.C. 4123.56(F) to Brookbank-Mizer's case.

### A. Proposition of Law No. 1: R.C. 4123.56(F)

{¶ 14} As its first proposition of law, Columbus Schools asserts that a proper application of R.C. 4123.56(F) requires consideration of division (F)'s first and second sentences and that under these two sentences of the statute, Brookbank-Mizer was not eligible for TTD compensation during the 2022 summer recess. We agree that the commission did not properly consider the first *and* second sentences of R.C. 4123.56(F).

### 1. R.C. 4123.56

{¶ 15} R.C. 4123.56 provides for compensation for workers who suffer injuries that result in a temporary disability. Significant for this appeal, R.C. 4123.56(A) states that in the case of temporary disability, an employee shall receive compensation—based on a formula involving the employee's average weekly wage—as long as the disability is total. R.C. 4123.56(A) then provides:

> Payments shall continue pending the determination of the matter, however payment shall not be made for the period when any employee has returned to work, when an employee's treating physician has made a written statement that the employee is capable of returning to the employee's former position of employment, when work within the physical capabilities of the employee is made available by the employer or another employer, or when the employee has reached the maximum medical improvement.

2020 Am.Sub. H.B. No. 81 (effective Sept. 15, 2020).[2]

{¶ 16} R.C. 4123.56(B) relates to the separate concept of "wage loss" compensation and provides a formula for temporary-disability compensation when an injured worker either (1) "suffers a wage loss as a result of returning to employment other than the employee's former position of employment due to an injury" or (2) "suffers a wage loss as a result of being unable to find employment consistent with the employee's disability resulting from the employee's injury." Thus, R.C. 4123.56(B) requires the payment of compensation for lost wages when an injured worker is receiving lower pay after returning to employment in another position because of the injury or the worker has suffered a wage loss as a result of being unable to find employment consistent with his or her physical capabilities.

{¶ 17} Division (F) of R.C. 4123.56 was added in 2020. It provides, in full:

> If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is

---

2. All references to R.C. 4123.56 are to the version that was in effect in August 2021 when Brookbank-Mizer sustained her injury.

otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.

{¶ 18} We first interpreted and applied R.C. 4123.56(F) in *AutoZone*, 2024-Ohio-5519. As we explained in that case, division (F)'s first sentence provides that to be entitled to receive TTD or wage-loss compensation, an employee's inability to work or wage loss "must be the 'direct result of' an impairment arising from an allowed injury." *Id.* at ¶ 29, quoting the statute. "The second sentence of R.C. 4123.56(F) states the converse of that principle: if an employee's 'not working' or 'wage loss' is 'the direct result of reasons unrelated to the allowed injury . . . the employee is not eligible to receive compensation' under R.C. 4123.56." (Ellipsis in original.) *Id.* at ¶ 29, quoting the statute. The phrase "as the direct result of" in both sentences describes "the causal relationship that must exist between the employee's injury and the employee's claimed inability to work, 'not working,' or wage loss." *Id.* at ¶ 26.

{¶ 19} The third sentence of R.C. 4123.56(F) declares the legislature's intent to replace our caselaw applying the voluntary-abandonment doctrine.[3] *Id.* at ¶ 36. By including the third sentence in division (F), however, the legislature did

---

3. The voluntary-abandonment doctrine recognized "'that a complete abandonment of employment can, under certain circumstances, break the chain of cause and effect necessary to demonstrate that an injured worker actually is unemployed because of the injury.'" *AutoZone* at ¶ 20, quoting *State ex rel. Baker v. Indus. Comm.*, 2000-Ohio-168, ¶ 27. The doctrine focused in part on whether an employee's decision to depart the workforce was "voluntary" and thereby had severed the causal connection between the employee's injury and subsequent loss of earnings. *Id.* at ¶ 35.

not eliminate the requirement of a causal relationship between the allowed injury and an actual loss of earnings. *Id.* at ¶ 36-37. The inquiry is no longer whether an employee's departure from the workforce was "voluntary" or "involuntary." *Id.* at ¶ 36. Instead, R.C. 4123.56(F) "replaces the voluntary-abandonment decisions with a 'direct result' requirement, clarifying that the claimed loss of wages or inability to work must be directly caused by an 'impairment arising from an injury' and not by 'reasons unrelated to the allowed injury.'" *Id.* at ¶ 37, quoting the statute.

### 2. The Commission Failed to Fully Consider and Apply R.C. 4123.56(F)

{¶ 20} Regarding the applicability of R.C. 4123.56(F), the commission stated only that the SHO had "erroneously found [that Brookbank-Mizer] was barred from receiving temporary total disability compensation pursuant to R.C. 4123.56(F)." The commission did not further engage with division (F)'s language or explain how the division—or its individual sentences—applied or did not apply to Brookbank-Mizer's case. Instead, the commission relied on our reasoning in *Glenn* to award her TTD compensation during the 2022 summer recess.

{¶ 21} The Tenth District agreed that *Glenn*, 2009-Ohio-3627, was applicable but also relied on R.C. 4123.56(F)'s first sentence to conclude that Brookbank-Mizer was eligible for TTD compensation during the 2022 summer recess. 2025-Ohio-2234 at ¶ 7, 15-16 (10th Dist.). Specifically, the Tenth District said that it was "undisputed that Ms. Brookbank-Mizer's injury was the direct reason for her inability to work," citing her physician's report certifying that she was unable to engage in any work throughout the summer recess. *Id.* at ¶ 7. And "[f]or the same reason," the Tenth District concluded, the "second sentence of R.C. 4123.56(F) does not apply." *Id.* at ¶ 8.

{¶ 22} Thus, the commission did not conduct any analysis under R.C. 4123.56(F), and the Tenth District appeared to conclude that because a physician

had certified that Brookbank-Mizer was unable to work throughout the 2022 summer recess, R.C. 4123.56(F)'s second sentence was inapplicable.

{¶ 23} We made clear in *AutoZone*, 2024-Ohio-5519, however, that both the first *and* second sentences of R.C. 4123.56(F) must be considered. In that case, an employee sustained a work-related injury to his shoulder and was placed on light-duty work. The employer then terminated the employee for reasons unrelated to his injury. He later underwent shoulder surgery, and his doctor certified that he could not return to work until further evaluation. The employee applied for TTD compensation for the period he could not work after his surgery, and the commission awarded it under R.C. 4123.56(F)'s first sentence, finding that his inability to work was a direct result of an impairment arising from his work-related injury. *Id.* at ¶ 2-8, 38. The employer filed a mandamus action, arguing that the commission had misapplied R.C. 4123.56(F) because the employee had been terminated for reasons unrelated to his injury. *Id.* at ¶ 9.

{¶ 24} On appeal to this court, the employee argued that "so long as his injury was a proximate cause of his inability to work, the mere presence of another causative factor for his not working during that period [wa]s immaterial." *Id.* at ¶ 30. In response, we said:

> [T]he language of R.C. 4123.56(F) contemplates that the employee is "unable to work" as "the direct result of" the employee's injury (first sentence), or that the employee is "not working" as "the direct result of reasons unrelated to" that injury (second sentence). *Both sentences must be considered.*

(Emphasis added.) *Id.* After considering both sentences of division (F), we found that when the employee had his shoulder surgery, he was "not working" as the direct result of reasons unrelated to his injury. *Id.* at ¶ 40. Therefore, under the

plain language of R.C. 4123.56(F), he was not entitled to receive TTD compensation for the period after his surgery. *Id.* at ¶ 40.

{¶ 25} Here, if the commission had properly considered both sentences of R.C. 4123.56(F) in Brookbank-Mizer's case, it could have reached a different result. If she was "not working" during the 2022 summer recess because she was not scheduled to work during the summer, then she was arguably "not working . . . as the direct result of reasons unrelated to the allowed injury," R.C. 4123.56(F), making her ineligible for TTD compensation. In other words, if she was "not working" because she had no intention of obtaining summer employment, there would be no direct causal connection between the work-related injury and her "not working" during the summer.

{¶ 26} The commission, however, did not attempt to conduct the analysis required by the plain language of R.C. 4123.56(F). Even on appeal, neither the commission's nor Brookbank-Mizer's merit brief adequately accounts for division (F)'s second sentence. The commission argues that because Brookbank-Mizer's physician certified that she was unable to work throughout the 2022 summer recess and there was no other cause under R.C. 4123.56(A) breaking her entitlement to TTD compensation, the sole cause of her inability to work during the summer was her injury. Brookbank-Mizer does not cite division (F)'s second sentence in her brief, let alone explain why it does not apply. Rather, she cites only division (F)'s first sentence as well as *Glenn*, 2009-Ohio-3627.

{¶ 27} The second sentence of R.C. 4123.56(F), however, cannot be ignored. As we recognized in *AutoZone*, division (F)'s second sentence "calls for *an analysis* of whether the employee is 'not working . . . as the direct result of reasons unrelated to the allowed injury.'" (Emphasis added; ellipsis in original.) *Id.*, 2024-Ohio-5519, at ¶ 41, quoting the statute. Thus, a causation analysis is required to determine whether Brookbank-Mizer's "not working" during the 2022 summer recess is "the direct result of reasons unrelated to the injury."

{¶ 28} Columbus Schools has a clear legal right to have the commission not only apply the relevant statute, R.C. 4123.56(F), but also apply it correctly, and the commission had a clear legal duty to do so. *See State ex rel. McDonald v. Indus. Comm.*, 2023-Ohio-1620, ¶ 20; *Zarbana*, 2021-Ohio-3669, at ¶ 10. Therefore, a writ of mandamus is appropriate to compel the commission to conduct a proper application of R.C. 4123.56(F) in the first instance.

**B. Proposition of Law No. 2: Intent to Work a Summer Job and *State ex rel. Crim v. Bur. of Workers' Comp.***

{¶ 29} As for its second proposition of law, Columbus Schools asserts that under *Crim*, 2001-Ohio-1268, Brookbank-Mizer's intent to work a summer job was relevant to her eligibility for TTD compensation and that the Tenth District misinterpreted *Crim* by concluding that that intent was irrelevant. We agree with Columbus Schools that whether Brookbank-Mizer intended to work a summer job is relevant but not because of *Crim*. Rather, R.C. 4123.56(F) controls the analysis.

{¶ 30} In *Crim*, an employee who worked as a swimming instructor during the nine-month school year sustained a work-related injury and applied for TTD compensation based on her inability to work a *separate summer job*, as she had the previous summer. *See id.* at ¶ 2. The commission determined that she was not entitled to TTD compensation during the summer recess, because she had continued to receive her swimming-instructor stretch pay over the summer and therefore could not establish a loss of earnings. On appeal, we said that the case presented two issues.

{¶ 31} The first issue was whether a teacher who has contracted to teach during a nine-month school year should be considered to have voluntarily abandoned his or her employment at the end of the school year for purposes of TTD compensation. *Id.* at ¶ 7. We answered that question in the negative, *id.* at ¶ 8, stating that "it is axiomatic that a teacher who is required to leave her teaching position at the end of the school year does not do so voluntarily" and that holding

otherwise "would disqualify an entire class of claimants simply because of the unique terms of their employment," *id.* at ¶ 13.

{¶ 32} The second issue in *Crim* was whether a teacher receiving 12-month stretch pay was entitled to TTD compensation for summer employment that he or she is unable to perform because of the injury. *Id.* at ¶ 7. We concluded that such a teacher was not precluded from receiving TTD compensation solely because the teacher continued receiving stretch-pay wages over the summer recess. *Id.* at ¶ 18. In *Crim*, the swimming instructor had worked for a different employer the previous summer and intended to resume that summer job but was unable to do so because of her injury. *Id.* at ¶ 2. Based on her "intent and previous history of summer employment," we concluded that she suffered a loss of earnings and therefore was entitled to TTD compensation even though she continued to receive stretch-pay wages over the summer. *Id.* at ¶ 17.

{¶ 33} In the Tenth District, Columbus Schools argued that under *Crim*, the pertinent issue was whether Brookbank-Mizer intended to work during the 2022 summer recess. The Tenth District rejected this argument, concluding that the swimming instructor's intent in *Crim* "was relevant only to [this court's] discussion of the voluntary abandonment doctrine" and that R.C. 4123.56(F) now precludes the application of that doctrine. 2025-Ohio-2234 at ¶ 11 (10th Dist.). But as noted above, the swimming instructor's intent to work a summer job was relevant beyond our discussion of the voluntary-abandonment doctrine. Thus, Columbus Schools is correct that the Tenth District adopted an unduly narrow reading of *Crim*.

{¶ 34} Regardless, whether Brookbank-Mizer intended to work during the 2022 summer recess is relevant—but not, as Columbus Schools argues, because of the precedent established in *Crim*, which is factually distinguishable from this case. Rather, as noted above, the second sentence of R.C. 4123.56(F) requires "*an analysis* of whether the employee is 'not working . . . as the direct result of reasons unrelated to the allowed injury.'" (Emphasis added; ellipsis in original.) *AutoZone*,

2024-Ohio-5519, at ¶ 41, quoting the statute. If Brookbank-Mizer was not scheduled to teach during the summer for Columbus Schools and had no intention to seek other summer employment, then her "not working" during the summer might be the direct result of reasons unrelated to her injury. However, if she intended to work during the summer and her injury prevented her from doing so, then she might be eligible for TTD compensation under R.C. 4123.56(F).

{¶ 35} In sum, Brookbank-Mizer's intent regarding summer employment remains a relevant issue—but not because of *Crim*. A limited writ is appropriate to compel the commission to conduct a proper application of R.C. 4123.56(F).

### C. Proposition of Law No. 3: *State ex rel. Glenn v. Indus. Comm.*

{¶ 36} As for its third proposition of law, Columbus Schools contends that the commission and the Tenth District erred by relying on our reasoning in *Glenn*, 2009-Ohio-3627, to award Brookbank-Mizer TTD compensation during the 2022 summer recess. We agree. The commission's analysis should have been guided by R.C. 4123.56(F), not *Glenn.*

{¶ 37} In *Glenn*, a teacher was injured after being assaulted by a student, resulting in conditions that left her unable to return to the classroom for two school years. The commission awarded her TTD compensation for her inability to work during the school year but denied her compensation during two summer recesses even though she had elected to receive stretch pay. After the teacher filed a mandamus action, we granted a limited writ. Noting that the purpose of TTD compensation is to compensate an injured worker for the loss of earnings, we said that if the teacher had not received her regular stretch-pay wages during the summer, she would be eligible for TTD compensation based on the fact that she had lost earnings—the wages earned during the school year but deferred until the summer. *Id.* at ¶ 7.

{¶ 38} In this case, the commission relied exclusively on *Glenn* to conclude that because Brookbank-Mizer had not received stretch-pay wages during the 2022

summer recess, she was entitled to TTD compensation during the recess. *Glenn*, however, was decided more than 11 years before R.C. 4123.56(F) became effective. *See* 2020 Am.Sub.H.B. No. 81. And we did not analyze in *Glenn* whether the teacher was "not working" during the summer for reasons unrelated to her injury. Rather, we summarily concluded, without citing any statute or caselaw, that because the teacher had elected stretch pay and suffered an injury that rendered her unable to teach, she was entitled to either her stretch-pay wages or TTD compensation during the summer. *Glenn* at ¶ 7.

{¶ 39} Neither the Tenth District's opinion nor appellees' merit briefs adequately explain why *Glenn*, rather than R.C. 4123.56(F), provides the proper framework for this case. Therefore, we agree with Columbus Schools that the commission erred by relying exclusively on *Glenn* to award TTD compensation to Brookbank-Mizer during the 2022 summer recess. The commission should have conducted the analysis required by R.C. 4123.56(F).

### D. The Appropriate Remedy

{¶ 40} In its complaint, Columbus Schools requested a writ of mandamus ordering the commission to simply vacate its order awarding Brookbank-Mizer TTD compensation during the 2022 summer recess. We conclude, however, that a more limited writ is warranted.

{¶ 41} On appeal, Columbus Schools acknowledges that the commission never conducted the analysis required by R.C. 4123.56(F), although Columbus Schools maintains that Brookbank-Mizer did not work during the five summers prior to her injury and presented no evidence indicating that she intended to work during the 2022 summer recess. However, pointing out that she worked for the school district during 18 of the prior summers (in her 23-year career at the district), Brookbank-Mizer claims that the commission had at least some evidence to conclude that but for her injury, she would have worked during the 2022 summer recess.

**{¶ 42}** Because the commission did not conduct the proper analysis under R.C. 4123.56(F), we grant a limited writ for the purpose of sending this matter back to the commission to determine Brookbank-Mizer's eligibility for TTD compensation under the plain language of R.C. 4123.56(F). *See State ex rel. Heilman v. Indus. Comm.*, 2024-Ohio-5518, ¶ 45 (noting this court's "long-standing practice of granting a limited writ when a relator fails to demonstrate entitlement to the full relief sought in mandamus and evidentiary questions remain").

## IV. CONCLUSION

**{¶ 43}** For the foregoing reasons, we reverse the Tenth District's judgment and grant a limited writ directing the commission to vacate its order and to consider and determine whether Brookbank-Mizer was eligible for TTD compensation during the 2022 summer recess under R.C. 4123.56(F).

Judgment reversed
and limited writ granted.

_____

Scott Scriven, L.L.P., and Karla S. Soards, for appellant.

Nager, Romaine, and Schneiberg Co., L.P.A., Jerald A. Schneiberg, Catherine Lietzke, and C. Bradley Howenstein, for appellee Julie Brookbank-Mizer.

Dave Yost, Attorney General, and David M. Canale, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____